IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ROTHWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10 C 1338 |
| vs. ) | Magistrate Judge Schenkier |
| ) | |
| CITY OF CHICAGO, a municipal corporation; ) | |
| POLICE OFFICERS WILLIAM BONGARTZ ) | |
| and MARK UCZEN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff, Christopher Rothwell, filed this lawsuit against the City of Chicago and two Chicago police officers, William Bongartz and Mark Uczen, in their individual capacities. Mr. Rothwell has brought federal claims under 42 U.S.C. § 1983, alleging false arrest and excessive force, and state law malicious prosecution and battery claims. The matter is set for a jury trial to begin on January 23, 2012.

Mr. Rothwell filed four motions *in limine*, while defendants filed eleven motions *in limine* (*see* doc. # 56: Pretrial Order at 8-9). Most of these motions have been decided or deferred (*see* doc. # 60: 06/21/11 order). The Court permitted briefing on one of Mr. Rothwell's motions *in limine* – No. 1 – and three of defendants' motions *in limine* – Nos. 1, 8, and 9 (*Id.*). The parties agreed to defer briefing on defendants' motion *in limine* No. 10, because it would be resolved by the Court's ruling on Mr. Rothwell's motion *in limine* No. 1 (*Id.*). Defendants briefed their motions *in limine*,

---

[1]On April 4, 2011, by consent of the parties and pursuant to 28 U.S.C. § 636(c), the case was reassigned to this Court for all proceedings, including the entry of final judgment (docs. ## 49, 51).

and Mr. Rothwell responded to them, but Mr. Rothwell did not file a brief in support of his own motion *in limine* No. 1 (docs. ## 59, 61). Our rulings on the motions are set forth below.

I.

**Defendants' Motion *In Limine* No. 1.** In their first motion *in limine*, defendants move the Court to bar any evidence or argument relating to Chicago Police Department ("CPD") general orders, rules, and regulations. Specifically, defendants argue that evidence that the defendant officers violated CPD orders, rules, and regulations is irrelevant to Mr. Rothwell's claims, would be confusing to the jury, and would be unfairly prejudicial to defendants (doc. # 59: Defs.' Mots. *in Limine* at 1-2). Mr. Rothwell concedes that this evidence cannot establish liability, but argues that it is relevant to whether defendants' conduct was willful and wanton, and thus will assist the jury in deciding whether to impose punitive damages if liability is found (doc. # 61: Pl.'s Resp. at 1).

Defendants rely heavily on *Morton v. City of Chicago*, 676 N.E.2d 985 (Ill. App.1997), to argue that the law is well-settled that evidence of violations of self-imposed rules or internal guidelines "should not constitute evidence of negligence, let alone willful and wanton conduct." (Defs.' Mots. *in Limine* at 2). We disagree with defendants' reading of *Morton*. The *Morton* court held that a violation of a CPD "general order" does not "in and of itself," "*per se*," or "without more" constitute "wilful and wanton conduct." *Id.* at 992. The evidence of CPD violations in *Morton* was, in fact, used in the trial as evidence of willful and wanton conduct; the court, however, held that this evidence alone did not establish willful and wanton conduct. *Id.*

Moreover, a more recent Illinois appellate court case – *Hudson v. City of Chicago*, 881 N.E.2d 430, 456-57 (Ill. App. Ct. 2007) – clarified the limited scope of *Morton*'s holding. The *Hudson* court held that "*Morton* implicitly indicates that a violation of an internal police department

rule can constitute some evidence of willful and wanton conduct," and thus, "a jury may consider it along with other evidence in reaching a determination of willful and wanton conduct." *Id.* By extension, this evidence may be relevant to the issue of punitive damages if liability is found as to federal or state law claims. *See Scott v. City of Chicago*, No. 07 C 3684, 2010 WL 3034188, at *1-2 (N.D. Ill. July 27, 2010).

Defendants' attempts to distinguish *Hudson* and *Scott* fail. In their reply brief, defendants argue that in the instant case, unlike *Hudson* and *Scott*, there is no "actual evidence" of violations of internal police department policy (Defs.' Reply at 2). This argument is a non-starter, as the jury will determine whether or not the evidence presented proves such a violation. Accordingly, defendants' motion *in limine* No. 1 is denied.

## II.

**Defendants' Motion *in Limine* No. 8.** In their motion *in limine* number 8, defendants move to bar evidence, testimony, or argument concerning: (1) any complaints listed on the defendant officers' complaint register ("C.R.") histories or from any other source; (2) the defendant officers' C.R. histories themselves; and (3) the underlying C.R. file in this case. Defendants argue that this material is irrelevant, is inadmissible hearsay, and that the potential for unfair prejudice substantially outweighs this material's probative value (Defs.' Mots. *in Limine* at 3-7). This motion is granted in part and denied in part, for the reasons discussed below.

Under Rule 404(b), defendant officers' C.R. histories for incidents outside of this case – as evidence of other crimes, wrongs, or acts – is inadmissible to show propensity, but may be admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, . . . absence of mistake or accident," or other relevant, non-propensity purposes.

3

*Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 644-45 (7th Cir. 2011). The admissibility of prior bad acts under Rule 404(b) turns on an evaluation of the following factors: "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not outweighed by the danger of unfair prejudice." *Id.* (quoting *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000)).

Plaintiff does not address the first two parts of defendants' motion *in limine* number 8, regarding C.R. histories and the underlying complaints that are unconnected to the instant case (*see* Pl.'s Resp. at 3-4). Further, Mr. Rothwell does not identify any particular C.R. histories that he wishes to offer, or why they are relevant. As we have held previously, where a plaintiff has not indicated which particular C.R.s involving the defendant officers he seeks to offer into evidence, if any, the Court cannot determine whether the particular C.R.s satisfy the four Rule 404(b) factors. *See Gadison v. McGuire*, No. 09 C 0001, 2010 WL 346143, at *2 (N.D. Ill. Jan. 22, 2010); *see also Casares v. Bernal*, – F. Supp. 2d –, 2011 WL 2307405, at *3-4 (N.D. Ill. May 20, 2011) (probative value of C.R. histories depends in part on whether C.R. was sustained or not). Accordingly, we grant defendants' motion to exclude the evidence of C.R. histories unconnected to the instant case.

Mr. Rothwell, however, does dispute defendants' attempt to bar evidence regarding the underlying C.R. file in this case. Mr. Rothwell contends that the fact that the C.R. was initiated by the CPD, rather than by Mr. Rothwell himself, is relevant to show that defendants' conduct was willful and wanton, and to aid the jury's determination of whether punitive damages are appropriate

(Pl.'s Resp. at 3-4). We disagree. As another court in this district explained, "these complaint registers are only allegations against defendant officers – they have not been proven." *Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137, at *5 (N.D. Ill. Apr. 15, 2008). Thus, we grant defendants' motion insofar as it seeks to exclude the C.R. history regarding the complaint in this case.

That said, statements that defendants or Mr. Rothwell made during the investigation into the C.R. pertaining to the specific incident giving rise to this case are not hearsay if offered as party opponent admissions under Federal Rule of Evidence 801(d)(2)(A). *Bruce v. City of Chicago*, No. 09 C 4837, 2011 WL 3471074, at *6-7 (N.D. Ill. July 29, 2011). Moreover, those statements – as well as statements made by others who may testify at trial, are prior statements that may be used for impeachment if their testimony at trial departs from what they said during the C.R. investigation. *Id.* For this reason, we deny the motion insofar as it seeks to exclude statements made by any party or witness in connection with the C.R. related to this case.

### III.

**Defendants' Motion *In Limine* No. 9.** In their motion *in limine* number 9, defendants move to bar: (1) any evidence, testimony or argument relating to defendant officers' breathalyzer results; (2) any mention of the fact that defendants were required to submit to a breathalyzer test; and (3) any argument relating to their alleged drunkenness. For the reasons that follow, we grant the first part of this motion and deny the second and third parts.

Defendants first assert that a physician or toxicologist is necessary to provide expert testimony as to the meaning of the breathalyzer results, reported as blood alcohol content ("BAC") levels, and that the results should be barred because plaintiff has not retained a relevant expert

5

(Defs.' Mots. *in Limine* at 7). Plaintiff argues that no expert is needed because the general public is "familiar" with breathalyzer results reported as BAC levels (Pl.'s Resp. at 5). However, this general public familiarity, to the extent it exists, is based on Illinois law concerning operation of a motor vehicle: "A person shall not drive or be in actual physical control of any vehicle within this State while the alcohol concentration in the person's blood or breath is 0.08 or more." 625 ILCS § 5/11-501(a)(1). Here, of course, there is no issue concerning the violation of this statute. And, the level of blood alcohol sufficient to violate this law governing motor vehicle operation is not – at least without expert guidance – a measure of whether a person is "drunk" in a different setting.

For this reason, we find the court's analysis in *Hallett v. Richmond*, 05 C 50044, 2009 WL 5125628 (N.D. Ill. May 15, 2009), persuasive. In *Hallett*, the district court addressed the evidentiary value of BAC levels where urine toxicology results were being offered to indicate a particular level of impairment at a pertinent time. The court held that "even if the lab report tends to speak for itself in indicating that plaintiff was intoxicated . . . any effort to establish to what degree plaintiff was intoxicated by alcohol or another substance without the aid of expert testimony would be unreliable and prejudicial to the plaintiff." *Id.* at *3. Similarly, in this case, expert testimony would be needed to explain if or why the breathalyzer results are a reliable indicator of the degree of intoxication. Thus, defendants' motion *in limine* to bar any evidence, testimony or argument regarding the meaning of the defendants' breathalyzer results is granted.

The fact that defendants were required to submit to a breathalyzer test, however, is relevant and admissible. Defendants argue that this evidence will unfairly imply wrongdoing on the part of defendants. We disagree. If, indeed, use of the breathalyzer test was standard CPD policy, defendants will be able to introduce that evidence at trial. Whether that was the reason for the

decision to give the breathalyzer test, and the test was not administered due to the contemporaneous observations of defendants the night of the incident, is for the jury to decide. Accordingly, this portion of defendants' motion *in limine* number 9 is denied.

In the third part of this motion *in limine*, defendants seek to bar any argument relating to the officers allegedly being drunk, but do not seek to bar any mention that they were drinking prior to the incident with plaintiff. We disagree with this line that defendants seek to draw. Plaintiff may present evidence and argument as to whether, as a result of their consumption of alcohol, defendants were, indeed, intoxicated. As in *Hallett*, "defendants can introduce evidence of plaintiff's intoxication at the pertinent time which does not involve use of the lab report." *Hallett*, 2009 WL 5125628, at *3. Similarly, in the present case, plaintiff may provide alternative evidence (such as contemporaneous observations of defendants' conduct and demeanor) to attempt to prove defendants' intoxication. Thus, defendants' motion *in limine* to bar any argument relating to the officers allegedly being drunk is denied.

For the reasons set forth above, defendants' motion *in limine* number 9 is granted in part, and denied in part.

### IV.

**Plaintiff's Motion *in Limine* No. 1 and Defendants' Motion *In Limine* No. 10.** The remaining undecided motions *in limine* – Mr. Rothwell's motion *in limine* No. 1 and defendants' motion *in limine* No. 10 – relate to defendants' intended witness Mark Kaminski (Pretrial Order at 5). Mr. Rothwell's motion *in limine* seeks to "bar any evidence or argument regarding any alleged damage to Mark Kaminski's car" (*Id.* at 8), and defendants' motion seeks to "bar any evidence, testimony, or argument relating to Mark Kaminski's phone calls/messages to Plaintiff or Plaintiff's

friend" (*Id.* at 10). As explained above, in this Court's June 21, 2011 order, we permitted briefing on Mr. Rothwell's motion *in limine* No. 1, and deferred briefing on defendants' motion *in limine* No. 10, because the parties agree that motion *in limine* No. 10 would be resolved by the Court's ruling on Mr. Rothwell's motion *in limine* No. 1 (6/21/11 Order). Mr. Rothwell, however, did not brief his motion *in limine* No. 1, and defendants did not brief their motion *in limine* No. 10. In light of both parties' failure to pursue the motions *in limine* regarding Mark Kaminski, both Mr. Rothwell's motion *in limine* No. 1 and defendants' motion *in limine* No. 10 are denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion *in limine* no. 1 is denied; defendants' motions *in limine* nos. 1 and 10 are denied; and defendants' motions *in limine* nos. 8 and 9 are granted in part and denied in part.

All counsel are responsible for advising their witnesses of these rulings, and to take all reasonable steps to ensure that the witnesses do not offer testimony or comment on any matters barred by these rulings. In the event one side contends that the other side has opened the door to inquiry into matters barred by these rulings, the side making that contention shall seek a sidebar and obtain advance approval of the Court before asking any questions or making any argument on matters barred by these rulings.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: October 31, 2011